UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROLAND CRISTOBAL SALAZAR, §
　　　　　　　　　　　　　　　§
　　　Petitioner, §
VS. § CIVIL ACTION NO. 4:17-CV-1626
　　　　　　　　　　　　　　　§
LORIE DAVIS, §
　　　　　　　　　　　　　　　§
　　　Respondent. §

## MEMORANDUM AND ORDER

Petitioner Roland Cristobal Salazar is an inmate in the custody of the Texas Department of Criminal Justice. He was convicted and sentenced to life imprisonment for capital murder. The Texas Court of Appeals affirmed his conviction and sentence, and the Texas Court of Criminal Appeals denied three applications for postconviction relief. Salazar's first federal habeas petition was dismissed, *Salazar v. Thaler*, No. 4:10-cv-2396 (S.D. Tex. Apr. 28, 2011), and the Fifth Circuit denied a certificate of appealability, *Salazar v. Thaler*, No. 11-20443 (5th Cir. Dec. 21, 2011). Salazar filed additional federal petitions challenging the same conviction in 2011 and 2012. Both were dismissed as successive. *Salazar v. Livingston*, No. 12-cv-1646 (S.D. Tex. June 1, 2012); *Salazar v. Thaler*, No. 4:11-cv-1637 (S.D. Tex. Apr. 29, 2011).

Salazar filed the instant petition challenging the same conviction in the Eastern District of Texas on April 25, 2017. The case was transferred to this Court on May 5, 2017. After filing this petition, Salazar filed his fifth federal petition challenging the

same conviction. That petition was dismissed as successive. *Salazar v. Davis*, No. 4:18-cv-1853 (S.D. Tex. June 12, 2018).

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). ‡ndeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Salazar has already challenged his conviction and sentence through a federal habeas corpus petition. His current petition raises no claims that could not have been raised in his first federal petition. Therefore, Salazar's current petition constitutes a successive habeas petition. Salazar presents no evidence that he has obtained permission from the Fifth Circuit to file a successive petition.

This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one"). Accordingly, it is ORDERED that Salazar's petition for a writ of habeas corpus (Doc. # 1) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

**THE PETITIONER IS WARNED THAT FILING ADDITIONAL UNAUTHORIZED SUCCESSIVE PETITIONS MAY RESULT IN SANCTIONS, INCLUDING MONETARY PENALTIES AND POSSIBLE RESTRICTIONS ON HIS ABILITY TO FILE SUIT IN THIS DISTRICT.**

It is so ORDERED.

SIGNED on this 7th day of March, 2019.

_____
Kenneth M. Hoyt
United States District Judge